## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JEREMIAH STINSON, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FAIR** |
| NATIONAL CREDIT SYSTEMS | ) **DEBT COLLECTION** |
| INC, a Georgia Corporation, | ) **PRACTICES ACT ("FDCPA")** |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

COMES NOW Jeremiah Stinson, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, against NATIONAL CREDIT SYSTEMS INC:

### Introduction

1.

Plaintiff Jeremiah Stinson, through his counsel, brings this action to challenge the acts of Defendant NATIONAL CREDIT SYSTEMS INC regarding its attempts to unlawfully, misleadingly, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendant as alleged in this Complaint were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt from the Plaintiff, and include multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

5.

This Court has personal jurisdiction over the Defendant for the purposes of this action because Defendant transacts business in the State of Georgia, the committed acts that form the basis for this suit occurred within

the State of Georgia, and Defendant is a Georgia Corporation with a principal place of business within Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, Defendant's registered agent in Georgia is located within this District, and Defendant's principal place of business is within this District.

**PARTIES**

7.

Plaintiff JEREMIAH STINSON is a natural person who is a resident of Cherokee County, Georgia.

8.

NATIONAL CREDIT SYSTEMS INC ("NATIONAL CREDIT") is a Corporation organized under the laws of the State of Georgia and does business within the State of Georgia, particularly within Cherokee, Gwinnett, and Fulton County, Georgia.

9.

NATIONAL CREDIT SYSTEMS INC has a registered agent named CORPORATION PROCESS COMPANY who has a physical address for

service in Gwinnett County, Georgia, at 2180 SATELLITE BLVD, SUITE 400, DULUTH, GA, 30097, USA, and a principal place of business at 3750 NATURALLY FRESH BLVD, ATLANTA, GA, 30349.

10.

Defendant NATIONAL CREDIT SYSTEMS INC is in the business of debt collection.

11.

Defendant NATIONAL CREDIT SYSTEMS INC may be served through its Georgia registered agent, CORPORATION PROCESS COMPANY at 2180 SATELLITE BLVD, SUITE 400, DULUTH, GA, 30097.  Defendant NATIONAL CREDIT SYSTEMS INC may also be served through an officer or director of the corporation at 3750 NATURALLY FRESH BLVD, ATLANTA, GA, 30349.

**STANDING**

12.

Plaintiff has suffered an injury in fact as a result of Defendant's violations of the FDCPA.

13.

The injury caused by Defendant's FDCPA violations has affected Plaintiff in a personal and individual way.

14.

Specifically, Defendant's violations of the FDCPA have violated Plaintiff's statutory rights.

15.

Defendant's violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendant's violations of the FDCPA.

16.

Plaintiff's injury caused by Defendant's violations of the FDCPA are concrete and actually exist.

17.

Defendant's violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendant's violations of the FDCPA.

18.

The FDCPA statutorily creates Plaintiff's right to information as well as a private right of action to enforce this statutorily created right to information.

19.

The FDCPA's statutorily created rights go beyond the right to information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

20.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

21.

Plaintiff's injuries caused by Defendant's violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

## FACTUAL BACKGROUND

### 22.

Plaintiff JEREMIAH STINSON is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendant alleged was obligated to pay a consumer debt (the "Alleged Debt").

### 23.

Defendant has attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

### 24.

Specifically, the Alleged Debt is a balance Defendant alleges is owed by Plaintiff on a residential lease Plaintiff entered into with a residential apartment complex.

### 25.

Defendant used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail.

26.

Defendant NATIONAL CREDIT sent a letter dated September 26, 2016, using the United States Mail to Plaintiff stating that Plaintiff owed $894.44 to "HERITAGE  RIVERSTONE / WOODWARD / 104."

27.

Defendant's September 2016 letter was an attempt to collect a debt, included a demand for payment, and threatened to report the alleged debt "with all three national credit bureaus."

28.

The September 26, 2016 letter Plaintiff received from Defendant was the initial communication Defendant had with Plaintiff (the "Initial Communication").

29.

The Initial Communication stated the amount of the Alleged Debt.

30.

The Initial Communication did not clearly state the name of the creditor to which the Alleged Debt was owed, stating instead of a legal entity or individual the following: "HERITAGE      RIVERSTONE / WOODWARD / 104".

31.

The Initial Communication did not state that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," either on the front or the back of the letter.

32.

The Initial Communication did not state that "if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

33.

The Initial Communication did not state that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

34.

A true and accurate copy of the Initial Communication, redacted to obscure personally identifying details as required by this Court's local rules, is attached to this Complaint as **Exhibit A**.

35.

Defendant did not send any written communication including the disclosures required by 15 U.S.C. § 1692g within five (5) days of the Initial Communication.

36.

Plaintiff sent Defendant a request for verification and validation pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, in a letter dated October 23, 2016 (the "Verification Letter").

37.

A true and accurate copy of the Verification Letter, redacted to obscure personally identifying details as required by this Court's local rules, is attached to this Complaint as **Exhibit B**.

38.

The Verification Letter was sent via certified mail using USPS Tracking Number 7015 3010 0001 9723 2924.  A true and accurate copy of the certified mail receipt is attached to this Complaint as **Exhibit C**.

39.

The Verification Letter was received by Defendant on October 26, 2016, according to the United States Postal Service.  A true and accurate copy of the USPS Tracking Page for the USPS Tracking Number 7015 3010 0001 9723 2924 printed by Plaintiff on January 4, 2017, is attached to this Complaint as **Exhibit D**.

40.

Defendant sent a second communication to Plaintiff using the United States mail system dated November 2, 2016 (the "Second Communication").

41.

The Second Communication was sent after Defendant received Plaintiff's Verification Letter.

42.

The Second Communication was an attempt to collect a debt as it demanded payment from Plaintiff, stated that Defendant had reported the Alleged Debt to the three credit bureaus, taunted Plaintiff by stating Defendant's actions must be resulting in Plaintiff having a difficult time obtaining credit, and threatened further action against Plaintiff including litigation.

43.

Defendant's Second Communication did not address Plaintiff's Verification Letter demands, or in any way verify or validate the Alleged Debt.

44.

The Second Communication did not clearly state the name of the creditor to which the Alleged Debt was owed, stating instead of a legal entity or individual the following: "HERITAGE      RIVERSTONE / WOODWARD / 104".

45.

The Second Communication did not state that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," either on the front or the back of the letter.

46.

The Second Communication did not state that "if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector."

47.

The Second Communication did not state that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

48.

The Second Communication was sent more than 5 days after the Initial Communication.

49.

A true and accurate copy of the Second Communication, redacted to obscure personally identifying details as required by this Court's local rules, is attached to this Complaint as **Exhibit E**.

50.

Defendant sent a third communication to Plaintiff using the United States mail system dated November 10, 2016 (the "Third Communication").

51.

The Third Communication was both an attempt to collect a debt and an attempt to respond to Plaintiff's Verification Letter demands.

52.

Defendant included allegedly original account level documentation with this letter in response to Plaintiff's Verification Letter demands, including (a) a Rental Agreement, (b) Statement of Security Deposit Accounts, and (b) a Move-In / Move-Out Report.

53.

The Third Communication did not clearly state the name of the creditor to which the Alleged Debt was owed, stating instead of a legal entity or individual the following: "HERITAGE     RIVERSTONE / WOODWARD / 104".

54.

The Third Communication did not state that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," either on the front or the back of the letter.

55.

The Third Communication did not state that "if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector."

56.

The Third Communication did not state that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

57.

The Third Communication was sent more than 5 days after the Initial Communication.

58.

A true and accurate copy of the Third Communication letter, redacted to exclude the documents attached to the letter and to obscure personally identifying details as required by this Court's local rules, is attached to this Complaint as **Exhibit F**.

59.

Plaintiff has still not received any written communications containing the disclosures required by 15 U.S.C. § 1692g from Defendant.

60.

Plaintiff received no other communications from Defendant directed to him personally prior to the Initial Communication from Defendant.

61.

The Initial Communication received by Plaintiff from Defendant was not a legal pleading within the meaning of 15 U.S.C. § 1692g(d).

62.

The Initial Communication is not covered by the exception found in 15 U.S.C. § 1692(e) as it clearly relates to the collection of a debt, and it is not required by title 26, title V of Gramm-Leach-Bliley Act, 15 U.S.C. 6801 et seq.  Further, the Initial Communication is not required by any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law.

63.

Plaintiff has incurred time, expense, and anxiety in attempting to investigate Defendant's demand and claims.

64.

During Plaintiff's investigation it became clear that the Alleged Debt is incorrect, false, and misleading in nature.

65.

The documents attached to Defendant's Third Communication, which were in response to Plaintiff's Verification Letter demands, state an amount allegedly owed by Plaintiff which is different than the amount of the Alleged Debt in Defendant's written communications to Plaintiff.

66.

The amount Defendant is seeking is based on illegally assessed fees and costs for which Defendant's alleged client cannot recover.

67.

The amount Defendant is seeking does not take into account payments made by Plaintiff on the account pursuant to the terms of the lease and an agreement with the apartment complex's landlord.

68.

Plaintiff does not owe Defendant, or its alleged client "HERITAGE RIVERSTONE / WOODWARD / 104," the $894.44 that Defendant alleges he owes.

69.

Defendant's actions caused Plaintiff to suffer damages in the form of stress and anxiety relating to Defendant's actions in attempting to collect the Alleged Debt from Plaintiff.

70.

Defendant's actions caused Plaintiff to incur damages in the forms of costs and resources expended in the research of Defendant's claims relating to the alleged debt, including costs incurred in retaining legal counsel to research.

71.

Defendant's actions have caused Plaintiff to suffer actual damages in the form of lost time, resources, increased anxiety, increased stress, and mental and emotional distress relating to Defendant's actions in attempting to collect this debt—specifically Defendant's failure to comply with the FDCPA's requirement providing consumers notification of their rights pursuant to 15 U.S.C. § 1692g.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by Defendant)

72.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.

Based on information and belief, Defendant NATIONAL CREDIT has violated the Fair Debt Collection Practices Act ("FDCPA").

*Defendant's FDCPA Violations for Failing To Provide Plaintiff With The*

*Disclosures Required By 15 U.S.C. § 1692g*

74.

Defendant sent the Initial Communication to Plaintiff in connection with the collection of a debt within the meaning of the FDCPA, said communication being dated September 26, 2016.

75.

The Initial Communication did not include the disclosures and notifications required by 15 U.S.C. § 1692g.

76.

Defendant did not send Plaintiff any additional written notice of the disclosures required by 15 U.S.C. § 1692g within 5 days of the Initial Communication.

77.

Defendant did not communicate with Plaintiff prior to the Initial Communication.

78.

Defendant has still not provided Plaintiff with the disclosures required by 15 U.S.C. § 1692g despite sending Plaintiff two additional communications (Second Communication, **Exhibit E**, and Third Communication, **Exhibit F**).

79.

The FDCPA requires debt collectors such as Defendant to include specific notifications and disclosures either at the time of initial communication or within 5 days of initial communication.  15 U.S.C. § 1692g(a).

80.

The FDCPA requires that a debt collector provide in a written communication "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

81.

Defendant failed to adequately provide the name of the alleged creditor to who the alleged debt was owed, and instead provided what may be shorthand, or a pseudonym, of the entity to which the alleged debt is allegedly owed by stating the "Current Creditor" as ""HERITAGE RIVERSTONE / WOODWARD / 104."

82.

The FDCPA requires that a debt collector provide in a written communication "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."   15 U.S.C. § 1692g(a)(3).

83.

The Initial Communication sent by Defendant did not include this statement, and no written communication was sent within 5 days of the Initial Communication including the statement required by 15 U.S.C. § 1692g(a)(3).

84.

The FDCPA requires that a debt collector provide in a written communication "a statement that if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."   15 U.S.C. § 1692g(a)(4).

85.

The Initial Communication sent by Defendant did not include this statement, and no written communication was sent within 5 days of the Initial Communication including the statement required by 15 U.S.C. § 1692g(a)(4).

86.

The FDCPA requires that a debt collector provide in a written communication "a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5).

87.

The Initial Communication sent by Defendant did not include this statement, and no written communication was sent within 5 days of the Initial Communication including the statement required by 15 U.S.C. § 1692g(a)(5).

88.

Defendant's actions have violated the notice and disclosure provisions of the FDCPA relating to initial communications and the verification and validation of debts, 15 U.S.C. § 1692g.

89.

Defendant's actions in sending a collection letter to Plaintiff without the notifications and disclosures required by 15 U.S.C. § 1692g violate the FDCPA's clear notice and disclosure requirements.   Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

90.

Defendant's actions are also in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt, as those actions were prohibited by the FDCPA for the purpose of preventing debt collectors from engaging in unfair and unconscionable means of collecting debts by ensuring consumers are notified of their rights through the notice and disclosure requirements of 15 U.S.C. § 1692g, and Defendant's reason and purpose of avoiding this important notice and disclosure safeguard could only be to mislead or trick in using this unfair and unconscionable failure. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

91.

Defendant's actions have caused Plaintiff emotional distress in the form of increased anxiety, worry, and stress relating to Defendant's claims that will be shown with more particularity at a later date.

92.

Defendant's actions have caused Plaintiff to incur damages, which will be shown with more particularity at a later date, in the form of costs associated with the time and resources expended by Plaintiff in attempting to investigate Defendant's claims, when the time and resources would have been conserved if Defendant had complied with the notice and prohibition provisions of the FDCPA.

93.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Defendant's FDCPA Violations for Continuing Debt Collection Activities After Receiving A Demand For Verification And Validation*

94.

Defendant sent an initial communication to Plaintiff in connection with the collection of a debt within the meaning of the FDCPA, said communication being dated September 26, 2016 (Initial Communication, Exhibit A).

95.

Plaintiff sent Defendant a letter disputing the alleged debt identified in this initial communication and requesting verification and validation of the alleged debt on October 23, 2016 (Verification Letter, **Exhibit B**).

96.

Plaintiff's Verification Letter was sent within the 30-day timeline required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a).

97.

Defendant received this Verification Letter on October 26, 2016 (**Exhibit C** and **Exhibit D**).

98.

Despite receiving the Verification Letter from Plaintiff, Defendant continued to attempt to collect the debt in violation of 15 U.S.C. § 1692g(b).

99.

Defendant sent a Second Communication to Plaintiff dated November 2, 2016 which was an attempt to collect a debt.  (Second Communication, **Exhibit E**.)

100.

Defendant reported the Alleged Debt, which was disputed by Plaintiff, to the three major credit reporting bureaus according to Plaintiff's own Second Communication and Third Communication (**Exhibit E** and **Exhibit F**).

101.

Upon information and belief, Defendant never updated the credit reporting bureaus with a notification that the Alleged Debt was disputed by Plaintiff.

102.

The FDCPA prohibits debt collectors such as Defendant from attempting to collect debts from consumers such as Plaintiff once a consumer notifies the debt collector in writing within 30 days of the initial communication of the consumer's dispute of the alleged debt and the consumer's request for verification and validation.  15 U.S.C. § 1692g(b).

103.

Specifically, the FDCPA states that "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

104.

Defendant's actions have violated the notice and prohibition provisions of the FDCPA relating to initial communications and the verification and validation of debts, 15 U.S.C. § 1692g.

105.

Defendant's actions in sending a collection letter to Plaintiff, reporting the Alleged Debt to the three major credit bureaus, and not notifying the three major credit bureaus that Plaintiff had disputed the debt violate the prohibitions against collections until verification and validation has been sent to a consumer pursuant to 15 U.S.C. § 1692g(b).

106.

Defendants' actions are in violation of the FDCPA's prohibition against making false and misleading claims, as those actions were prohibited by the FDCPA until Defendant complied with its requirements to provide Plaintiff with verification of the alleged debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

107.

Defendant's actions are also in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt, as those actions were prohibited by the FDCPA until Defendant complied with its requirements to provide Plaintiff with verification of the alleged debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

108.

Defendant's actions have caused Plaintiff emotional distress in the form of increased anxiety, worry, and stress relating to Defendant's claims which will be shown with more particularity at a later date.

109.

Defendant's actions have caused Plaintiff to incur damages, which will be shown with more particularity at a later date, in the form of costs associated with the time and resources expended by Plaintiff in attempting to investigate Defendant's claims, when the time and resources would have been conserved if Defendant had complied with the notice and prohibition provisions of the FDCPA.

110.

Plaintiff incurred costs, which will be shown with more particularity at a later date, associated with obtaining legal counsel to investigate

Defendant's claims when those costs would not have been incurred if Defendant had complied with the notice and prohibition provisions of the FDCPA.

111.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Defendants FDCPA Violations Resulting By Making*

*False Representations of the Character,*

*Amount, or Legal Status of the Alleged Debt*

112.

Defendant sent Plaintiff multiple demand letters stating that Plaintiff owed Defendant, or its client, $894.44 on the Alleged Debt.

113.

Plaintiff does not owe Defendant, or its client, $894.44 on the Alleged Debt.

114.

The Alleged Debt is associated with a residential lease Plaintiff entered into with a residential apartment complex.

115.

Plaintiff terminated the lease within the terms of the lease agreement, and proceeded to pay the cost of termination as negotiated between Plaintiff and the landlord for the property.

116.

Despite making payments, Plaintiff's prior landlord ceased accepting the payments and began demanding payment of an amount different from the one required under the lease and the payment agreement.

117.

Defendant is seeking to collect an amount that is incorrect, not based on the terms of the lease, and does not reflect the payments Plaintiff has made and that were accepted by Plaintiff's landlord.

118.

Defendant is seeking to collect an amount not allowed by law, that is illegal, and is in violation of Georgia's landlord tenant laws.

119.

Accordingly, Defendant's demand letter makes a false representation as to the nature, character, and legal status of the alleged debt.

120.

Defendants' actions are in violation of the FDCPA's prohibition against making false and misleading claims.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

121.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

122.

Defendants' actions have caused Plaintiff to have to retain legal counsel to investigate Defendant's claims, have caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

123.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## **JURY DEMAND**

124.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)     Find Defendant liable for violations of the Fair Debt Collection Practices Act for continuing debt collection activities without sending Plaintiff the required verification and validation of the alleged debt;

(2)     Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)     Award Plaintiff reasonable attorney's fees in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)     Award Plaintiff the reasonable costs of this action;

(6)     Award Plaintiff other expenses of litigation;

(7)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Respectfully submitted this <u>27 March 2017</u>.


<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     27 March 2017

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765